IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FELICITA TORRES, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 07-1934 |
| | : | |
| CITY OF ALLENTOWN, et al. | : | |
| Defendants | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                   **June       , 2008**

This is a civil rights action brought by Felicita Torres against the City of

Allentown and three of its police officers alleging constitutional violations pursuant to 42

U.S.C. § 1983, and other derivative state law claims.  The three police officers are being

sued in both their official and personal capacities.  The defendants have filed a partial

motion to dismiss.  For the following reasons, I will grant the motion in part and deny it

in part.

**I.  BACKGROUND**[1]

_____Miss Torres alleges that on September 2, 2005, members of the Allentown Police

Department and the Lehigh County Drug Task Force obtained a warrant based upon

information received from a confidential informant that illegal drugs were being sold out

of her home at 538 Green Street, Allentown, Pennsylvania.  Am. Compl. ¶ 7.  When the

police officers arrived, they entered the home, ordered Miss Torres to kneel on the floor,

---

[1]  All facts are taken from the plaintiff's complaint, and for purposes of this motion, are accepted
as true with all reasonable inferences drawn in her favor.

and handcuffed her.  Id. at ¶ 8.  Miss Torres repeatedly begged to use the bathroom, but

was refused by the police officers who yelled, "You'll just have to pee yourself."  Id. at ¶

9.  She subsequently "urinated all over herself and the floor."  Id.  The police officers

then knelt on top of Miss Torres' legs and repeatedly beat her head and face with a blunt

object.  Id. at ¶ 10.  None of the individual defendants attempted to protect Miss Torres or

to interrupt the assault which continued until other law enforcement officers arrived at the

scene.  Id. at ¶¶ 11, 12.

Miss Torres claims that she did not resist arrest, not even in an attempt to defend

herself, and at all times fully cooperated with the police officers.  Id. at ¶ 13.  She

suffered severe injuries to her head and eye and was transported to a local hospital in

Allentown for treatment.  Id. at ¶ 14.  Since the assault, Miss Torres has undergone

treatment for ongoing medical problems, including severe headaches, eye damage,

anxiety and depression.  Id. at ¶ 18.  She continues to suffer from permanent impairment

of her vision, pain in her back, legs, neck and head, trauma, fear, anxiety and mental

harm.  Id. at ¶ 20.

On November 23, 2005, Miss Torres pleaded guilty to delivery of a controlled

substance, conspiracy, possession of a small amount of narcotics, and possession of drug

paraphernalia.  Id. at ¶¶ 15, 17.  As a condition of her probation, Miss Torres was ordered

to complete a drug treatment program which she had already voluntarily begun.  Id. at ¶

17.

Case 2:07-cv-01934-LS   Document 29   Filed 06/30/08   Page 3 of 13

Miss Torres alleges that the defendants' use of excessive force against her violated her constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution.  In addition, Miss Torres alleges state tort claims against the individual defendants of assault and battery, conspiracy to commit assault and battery, and intentional infliction of emotional distress.

Miss Torres also alleges a claim of municipal liability against the City of Allentown based upon deliberate indifference to the constitutional rights of persons in the City and failure to train, supervise, and discipline police officers.  Id. at ¶¶ 39-42.  She also alleges a state tort claim under Pennsylvania law against the City of Allentown for the negligent hiring, retention and supervision of police officers.  Id. at ¶¶ 43-45.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a pleading for "failure to state a claim upon which relief can be granted."  The rule is designed to screen out cases where "a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted."  Port Auth. v. Arcadian Corp., 189 F.3d 305, 311-312 (3d Cir. 1999).  Under Rule 12(b)(6), a pleading should not be dismissed for failure to state a claim unless it appears beyond doubt that the non-moving party can prove no set of facts in support of its claim which would entitle it to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The issue, therefore, is not whether

the non-moving party will ultimately prevail, but whether it is entitled to offer evidence to support its claims.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).

In considering whether a pleading should be dismissed for failure to state a claim upon which relief can be granted, a court must consider only those facts alleged in the pleading and accept all of the allegations as true, drawing all reasonable inferences in favor of the non-moving party.  ALA v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); see also Lum v. Bank of America, 361 F.3d 217, 222 (3d Cir. 2004) (in deciding motions pursuant to Rule 12(b)(6), courts generally consider only allegations in the pleading, exhibits attached to the pleading, matters of public record, and documents that form the basis of a claim).

## III.  DISCUSSION

In her amended complaint, Miss Torres alleges that "as a direct and proximate result of the defendants' actions, Plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and, in particular, the right to be free from excessive force while being detained/arrested."  Am. Compl. ¶ 21.  The defendants argue that Miss Torres' claims under the Fourteenth Amendment should be dismissed because under well-established principles, claims of excessive force are properly brought solely under the Fourth Amendment rather than the Fourteenth Amendment.

Title 42 of the United States Code § 1983 provides remedies for deprivations of rights established in the Constitution or federal laws.  It does not, by its own terms, create substantive rights.  Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979).  Section 1983 provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force.  Graham v. Connor, et al., 490 U.S. 386, 394 (1989) (citing Baker v. McCollan, 443 U.S. 137, 140 (1979)).  In most instances, that will be either the Fourth Amendment's prohibition against unreasonable seizures of the person, or the Eighth Amendment's ban on cruel and unusual punishments, which are the two primary sources of constitutional protection against physically abusive governmental conduct.  Graham v. Connor, 490 U.S. at 394.  Where the excessive force claim arises in the context of an arrest, it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right to be secure in their persons against unreasonable seizures of the person.  Id.  The Supreme Court of the United States held that "*all* claims that law enforcement officers have used excessive force – deadly or not –

in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be

analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than

under a 'substantive due process' approach." Id. at 395 (emphasis in original).

The Supreme Court further articulated the "Most Precise Claim Doctrine," wherein

"if a constitutional claim is covered by a specific constitutional provision, it must be

analyzed under the standard appropriate to that specific provision, not under the rubric of

substantive due process." County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998).

Here, Miss Torres has no Fourteenth Amendment claim because the physically

abusive government conduct she complains about is covered by another "specific

constitutional provision." Id.  Miss Torres' allegations, if true, that the police officers

handcuffed her, refused her pleas to use the bathroom, knelt on top of her legs, and

repeatedly beat her head and face with a blunt object, would be a "seizure" within the

meaning of the Fourth Amendment.  Brower v. County of Inyo, 489 U.S. 593, 597 (1989)

(a Fourth Amendment seizure occurs only when there is a government termination of

freedom of movement through means intentionally applied).

Accordingly, because it is more precisely characterized solely as a Fourth

Amendment excessive force claim, I will strike the plaintiff's reference to the Fourteenth

Amendment in her amended complaint.

The defendants next argue that Miss Torres' claim of municipal liability against

the City of Allentown should be dismissed because it fails to allege a viable claim under §

1983.  They contend that the allegations of constitutional violations against Allentown are conclusory, unsupported by facts, and do not identify a direct causal link between a custom or policy and a violation of Miss Torres' rights.

In her amended complaint, Miss Torres alleges that "prior to September 2, 2005, the City of Allentown developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons" in Allentown which caused the violation of her rights.  Am. Compl. ¶ 40.  She claims that it was the policy and/or custom of Allentown to inadequately supervise and train its police officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers.  Id. at ¶ 41.

Rule 8(a)(2) of the Federal Rules of Civil Procedure articulates the liberal notice pleading requirements in the federal courts, and simply requires that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." Generally, in federal civil cases, a claimant does not have to set out in detail the facts upon which a claim is based, but must merely provide a statement sufficient to put the opposing party on notice of the claim.  Conley v. Gibson, 355 U.S. 41, 47-48 (1957); see also Weston v. Pennsylvania, 251 F.3d 420, 428 (3d Cir. 2001).  The same liberal notice pleading requirements apply to § 1983 civil rights cases as to all other cases filed in federal court.  Leatherman v. Tarrant County, 507 U.S. 163, 167-68 (1993) (holding that a federal court may not apply a heightened pleading standard in § 1983 civil rights cases

filed against municipalities).  A civil rights complaint is adequate if it states the conduct,

time, place, and persons responsible for the alleged violation.  Evancho v. Fisher, 423

F.3d 347, 353 (3d Cir. 2005) (holding plaintiff's § 1983 retaliation claim against state

attorney general "utterly failed to meet the liberal notice pleading standard" where there

were no facts alleged connecting the defendant to the alleged wrongdoing).

In order to recover from a municipality under Section 1983, a plaintiff must:  (1)

identify a policy or custom that deprived her of a federally protected right, (2)

demonstrate that the municipality, by its deliberate conduct, acted as the "moving force"

behind the alleged deprivation, and (3) establish a direct causal link between the policy or

custom and the plaintiff's injury.  Bd. of the County Comm'rs v. Brown, 520 U.S. 397,

404 (1997).  A municipal policy, for purposes of Section 1983, is a statement, ordinance,

regulation, or decision officially adopted and promulgated by a government body's

officers.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978); see also Berg v.

County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000) (policy is made when a decision

maker possessing final authority to establish municipal policy with respect to the action

issues an official proclamation, policy, or edict).  Such a policy generally implies a course

of action consciously chosen from among various alternatives.  Oklahoma City v. Tuttle,

471 U.S. 808, 823 (1985).  Limiting liability to identifiable policies ensures that

municipalities are only liable for "deprivations resulting from the decisions of its duly

constituted legislative body or of those officials whose acts may fairly be said to be those

of the municipality." Bd. of the County Comm'rs v. Brown, 520 U.S. at 403-04.

A custom, while not formally adopted by the municipality, may lead to liability if the "relevant practice is so widespread as to have the force of law." Id. at 404. This requirement should not be construed so broadly as to circumvent Monell: "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy..." Oklahoma City v. Tuttle, 471 U.S. at 823-824.

Alternatively, a plaintiff can also plead a Monell claim "where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 387-88 (1989) (for liability to attach under a failure to train theory, a municipality's failure to train its employees must reflect a deliberate or conscious choice by the municipality such that one could call it a policy or custom). In order for a municipality's failure to train to be actionable under § 1983, however, it must amount to "deliberate indifference" to the rights of the persons with whom police officers come into contact, and it must be shown to be a part of city policy. Id. at 389-390. Our liberal notice pleading standard will not be satisfied by a mere allegation that a training program represents a policy for which a municipality is responsible, but rather, the focus must be on whether the program is adequate to the tasks the particular employees must perform. Id.

Here, Miss Torres does not allege facts sufficient to support her claim of municipal

liability.  Her amended complaint alleges that Allentown did not require appropriate in-

service training or re-training of officers who were known to have engaged in police

misconduct, and that this policy/custom exhibited deliberate indifference to her

constitutional rights.  Am. Compl. ¶¶ 40-41.  The amended complaint lacks any specific

factual allegations referencing the conduct, time, place, and persons responsible for any

official municipal policy or custom endorsing the police officers' conduct.  Evancho v.

Fisher, 423 F.3d at 353.  Further, the amended complaint fails to specifically demonstrate

how the training programs for the police officers are inadequate or to suggest how the

City of Allentown evinced deliberate indifference to Miss Torres' rights.  It is imperative

that a plaintiff aver some, even if not yet detailed, facts to support a claim.  See

FED.R.CIV.P. 11(b)(3) (claims asserted must have evidentiary support or, if specifically so

identified, should have evidentiary support after a reasonable opportunity for further

investigation or discovery).

Accordingly, I will grant the defendants' motion to dismiss Count VIII against the

City of Allentown without prejudice.  Miss Torres shall have leave to amend her amended

complaint within twenty (20) days to plead specific facts supporting (1) a specific policy

or custom; (2) a direct causal link between that policy or custom and Miss Torres' harm;

and (3) the City of Allentown's deliberate indifference regarding its failure to train its

police officers.

Finally, the defendants argue that Miss Torres' state tort claims of negligent hiring,

retention and supervision of police officers are barred by governmental immunity

pursuant to the Pennsylvania Political Subdivision Tort Claims Act (the "Act"), 42

Pa.C.S. § 8541, *et seq*.  The Act provides that "no local agency shall be liable for any

damages on account of any injury to a person or property caused by any act of the local

agency or an employee thereof or any other person."[2]  42 PA. CONS. STAT. § 8541.  An

employee of a local agency is liable for civil damages only to the same extent as his

employing local agency and subject to the limitations imposed by this subchapter.  Id. at §

8545.  Notwithstanding the immunity the Act provides, liability may be imposed on a

municipality or its employees where (1) damages would be recoverable at common law or

under a statute creating a cause of action if the injury were caused by a person not

protected by immunity, and (2) the claim falls within one of the statutory exceptions to

governmental immunity in Section 8542(b) of the Act.  Granchi v. Borough of N.

Braddock, 810 A.2d 747, 749 (Pa Commw. 2002).  These exceptions pertain to:  (1)

vehicle liability, (2) care, custody or control of personal property, (3) real property, (4)

trees, traffic controls and street lighting, (5) utility service facilities, (6) streets, (7)

sidewalks, and (8) care, custody or control of animals.  See 42 PA. CONS. STAT. §

8542(b).

    The above eight exceptions do not apply in this case.  Accordingly, I will dismiss

---

[2]  A local agency is defined in the Act as a "government unit other than the
Commonwealth government."  42 PA. CONS. STAT. § 8501.

Count IX of the amended complaint alleging negligent hiring, retention, and supervision

of police officers against the City of Allentown with prejudice.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FELICITA TORRES,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 07-1934** |
| | : | |
| **CITY OF ALLENTOWN, et al.** | : | |
| **Defendants** | : | |

# O R D E R

**STENGEL, J.**

     **AND NOW,** this   30th   day of June, 2008, upon careful consideration of

the defendants' partial motion to dismiss (Document #17), and the plaintiff's response

thereto (Document #25), IT IS HEREBY ORDERED that:

    1.    All reference to the Fourteenth Amendment of the United States
        Constitution is STRICKEN from the amended complaint.

    2.    The motion to dismiss Count VIII is GRANTED.  Count VIII is dismissed
        from the amended complaint without prejudice.

    3.    The plaintiff is granted leave to amend Count VIII of the amended
        complaint consistent with this Memorandum.  The plaintiff shall have
        twenty (20) days from the date of this Order to file the amendment.

    4.    The motion to dismiss Count IX is GRANTED.  Count IX is dismissed
        from the amended complaint with prejudice.

                BY THE COURT:


                /s/ Lawrence F. Stengel
                LAWRENCE F. STENGEL, J.